UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**MICHAEL L. DRERUP, M.D.**               **CIVIL ACTION NO. _____**

**VERSUS**                                **JUDGE_____**

**THE PAUL REVERE LIFE**                  **MAGISTRATE JUDGE_____**
**INSURANCE COMPANY AND**
**UNUM GROUP CORPORATION**

___

**COMPLAINT**

The Complaint of Michael L. Drerup, M.D. respectfully represents:

1.

Plaintiff herein is MICHAEL L. DRERUP, M.D. ("Dr. Drerup"), an individual of full age of majority, who is a resident and domiciliary of Rapides Parish, Louisiana.

2.

Made defendants herein are:

A) The Paul Revere Life Insurance Company (hereinafter "Paul Revere"), a foreign insurance corporation incorporated under the laws of Massachusetts, authorized to conduct business in the State of Louisiana, with its principal place of business in Massachusetts; and,

B) UNUM Group Corporation (hereinafter "UNUM"), a foreign corporation organized under the laws of Delaware, authorized to do business in the State of Louisiana, with its principal place of business in Tennessee.

3.

On information and belief, Paul Revere is a subsidiary of UNUM; plaintiff avers

-1-

defendants acted together in bringing about plaintiff's claims for relief as stated herein.

4.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332. This civil action involves a controversy exceeding the sum of $75,000.00, exclusive of interest and costs, between citizens of different states.

5.

Venue is proper in the Western District of Louisiana pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this district.

6.

At all relevant times prior to November 16, 2018, Dr. Drerup provided medical services in Alexandria, Louisiana as a Neurological surgeon.

7.

In 1990, Dr. Drerup purchased, and Paul Revere issued to him (as "M. Lawrence Drerup MD"), a professional disability income policy (hereinafter the "Policy") identified as Policy No. 01024680930, which Policy is currently in full force and effect.

8.

The Policy states "Total Disability" means "that because of Injury or Sickness:

    a. You are unable to perform the important duties of Your Occupation; and
    b. You are under the regular and personal care of a Physician [other than You]."

9.

The Policy states "Your Occupation" means "the occupation in which You are regularly

engaged at the time You become Disabled."

10.

Due to continuing, progressive degenerative hip disease, Dr. Drerup underwent surgery for a total right hip replacement on or about November 16, 2018.

11.

Subsequent to his total right hip replacement, Dr. Drerup's physical/medical condition is such that he can no longer perform surgery as a Neurosurgeon.

12.

Further, Neurosurgeons in Dr. Drerup's community are responsible for "call coverage" at Rapides Regional Hospital, a Level II Trauma Center; prior to his total right hip replacement, Dr. Drerup derived a significant amount of his income through "call coverage," particularly in the latter years as his right hip progressively deteriorated such that he could no longer physically withstand the rigors of "call" and still maintain an active outpatient Neurosurgical practice.

13.

A Neurosurgeon "on call" is obligated to handle gravely injured or impaired individuals, which often requires surgical intervention. The nature of the extensive injuries requires long, tedious, technically and physically challenging procedures, often lasting hours; the posture a Neurosurgeon must maintain and the physical exertion required to safely and successfully perform these procedures are now beyond Dr. Drerup's capabilities, even with his right hip replacement, and with the level of degenerative changes that have also occurred, and are occurring, on his non-operated left hip.

14.

Additionally, Dr. Drerup fractured his right patella (kneecap) in April 2019, requiring surgical reduction and fixation. Maintaining his right knee in any weight-bearing or seated position for longer than 20 to 30 minutes produces pain, requiring Dr. Drerup to shift his position, a luxury he would not have standing at the operating table.

15.

Dr. Drerup's <u>inability to perform surgery</u> (as set forth above) makes him <u>unable to perform the important duties of his occupation</u>, as stated in the definition of "Total Disability" under the Policy.

16.

The Policy provides, *inter alia,* for:

A) Payment to Dr. Drerup of <u>$13,500.00 per month</u> (for Total Disability) <u>for life</u>;

B) A Cost of Living Adjustment (payable per month on the 366th day of disability) starting as an additional <u>7% of Dr. Drerup's base benefit amount;</u>

C) A Supplemental Social Security Rider payment (beginning on the 366 day of disability) of <u>$1,000.00 per month</u> until Dr. Drerup's 65th birthday on August 26, 2021;

D) An Additional Monthly Income Rider payment (beginning on the 91st day of disability) of <u>$1,000.00 per month</u> for 365 days.

17.

In 2019, Dr. Drerup advised Paul Revere of his Total Disability, and applied to Paul Revere for all applicable payments to him under the Policy.

18.

Dr. Drerup's application for the Policy's disability benefits was addressed multiple times

– in writing – by UNUM, on UNUM stationery, referencing "Drerup, Michael L / Claim Number: 0102468093001/ The Paul Revere Life Insurance Company."

19.

From the foregoing, Dr. Drerup believes and therefore alleges Paul Revere at all pertinent times acted through and/or in concert with UNUM in ultimately denying Policy benefits to Dr. Drerup, as further addressed below.

20.

In response to requests by UNUM (acting on behalf of and/or in concert with Paul Revere), Dr. Drerup provided defendants with multiple documents and records to substantiate his claim under the Policy.

21.

Despite Dr. Drerup's efforts to obtain Total Disability payments in accordance with the Policy, defendants have denied Dr. Drerup's claim, and Dr. Drerup has not received the other, above stated payments due him under the Policy.

22.

More specifically, on November 20, 2019, UNUM provided Dr. Drerup with a written notice, stating, in part:

> We have determined you are able to perform the important duties of your occupation from August 23, 2019 to the present time. Because you are no longer disabled according to the policy, no further benefits are payable, and your claim has been closed.

23.

Paul Revere (acting through and/or in concert with UNUM) improperly refused to pay policy benefits due Dr. Drerup; Paul Revere therefore breached its obligations owed to plaintiff.

24.

In addition to Dr. Drerup's financial loss, Paul Revere's improper refusal to pay Policy benefits (while acting through and/or in concert with UNUM) also caused Dr. Drerup to sustain damages for mental distress.

25.

Dr. Drerup meets all criteria for payment of Policy benefits under the "Total Disability" provisions of the Policy, and is entitled to all past and future sums due him under the Policy; because Paul Revere (acting through and/or in concert with UNUM) refused to pay Policy benefits, Dr. Drerup is further entitled to damages, penalties and attorney fees, as provided by La.R.S. 22:1892 and/or La. R.S. 22:1973.

26.

Further, defendants' refusal to pay benefits under the Policy was arbitrary, capricious and in bad faith; UNUM has a documented history of bad faith refusal to pay disability claims.

**WHEREFORE, PLAINTIFF MICHAEL L. DRERUP, M.D., PRAYS** for Judgment in his favor and against defendants:

A) Ordering The Paul Revere Life Insurance Company and/or UNUM Group Corporation to pay all past benefits due under the Policy, from the date of Dr. Drerup's demand for benefits through the date of Judgment, with interest from the date of demand;

B) Ordering The Paul Revere Life Insurance Company and/or UNUM Group Corporation to pay Dr. Drerup – on a per-month basis from the date of Judgment in this matter – all per month benefits due him under the Policy, including all benefits for:

Total Disability [$13,500.00 per month]; Cost of Living Adjustment [7% of base benefit amount]; Supplemental Social Security Benefit [$1,000.00 per month through August 26, 2021]; and Additional Monthly Income Ryder Benefit

[$1,000.00 for 365 days];

C) Ordering <u>The Paul Revere Life Insurance Company</u> and/or <u>UNUM Group Corporation</u> to pay damages for mental distress, penalties and attorney fees pursuant to <u>La. R.S. 22:1892</u> and/or <u>La. R.S. 22:1973</u>; and

D) Assessing defendants with all costs of this litigation.

**PLAINTIFF FURTHER PRAYS** for all other just, equitable or other relief proper in the premises.

Respectfully submitted,

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: *s/Michael J. O'Shee*
Charles S. Weems, III (#13310)
Steven M. Oxenhandler, T.A. (#28405)
Michael J. O'Shee (#10268)
2001 MacArthur Drive/ P.O. Box 6118
Alexandria, LA 71307-6118
Tel: (318) 445-6471// Fax: (318) 445-6476
Email: cweems@goldweems.com
Email: soxenhandler@goldweems.com
Email: moshee@goldweems.com

**ATTORNEYS FOR MICHAE L. DRERUP, M.D.**